IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 1:13-cv-00046 |
| Plaintiff, | | |
| | | **COMPLAINT** |
| v. | | |
| | | **JURY TRIAL DEMAND** |
| WOMBLE CARLYLE SANDRIDGE & RICE, LLP, | | |
| Defendant. | | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charlesetta G. Jennings ("Jennings"), who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Womble Carlyle Sandridge & Rice, LLP ("Defendant"), failed to provide Jennings with a reasonable accommodation for her disability, and subsequently discharged her from her position as a Support Services Assistant ("SSA") because of her disability, in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a)

1

of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a North Carolina limited liability partnership, has continuously been doing business in the State of North Carolina and the City of Winston-Salem, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the

meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Jennings filed charges with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. From approximately January 2011 until August 2011, Defendant engaged in unlawful employment practices in its Winston-Salem, North Carolina facility in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), as follows:

(a) Jennings was diagnosed with breast cancer in July 2008. In August 2008, Jennings underwent surgery to remove the cancer, which included the removal of lymph nodes from her upper left arm and chest area. Jennings also began chemotherapy and radiation treatment in August 2008 after the surgery.

(b) In November 2009, Jennings developed lymphedema, which is a physical impairment caused by cancer treatment. Jennings developed this condition during her employment with Defendant, and continues to suffer from this impairment as a direct result of treatment for breast cancer.

(c) The lymphedema substantially limits Jennings' lymphatic system (which is part of the circulatory system) and immune system. Both are major life activities under the ADA in that they are major bodily functions.

(d) In addition, Jennings' condition, lymphedema, causes her to be substantially limited in the major life activity of lifting.

(e) At all relevant times, Jennings was qualified to perform the essential

3

functions of her job as a Support Services Assistant (SSA). She had been successfully performing the job for at least three years prior to her discharge. As an SSA, Jennings was responsible for various duties in Defendant's service centers and/or copy rooms, specifically scanning, faxing, copying, printing, page-binding, hole-punching, bate-stamping, sending and receiving packages, and routine maintenance of Defendant's copy machines such as fixing paper jams, supplying paper, and changing toner.

(f) On or about June 8, 2010, Jennings' condition, lymphedema, was exacerbated by lifting boxes and she suffered from swelling in her shoulder, neck, arm, thumb, and index finger. She was unable to work the next two days. On or about June 15, 2010, Jennings provided a doctor's note to Defendant which stated that she was unable to lift more than 10 pounds due to her history of breast cancer and the risk of lymphedema.

(g) During the time she was under the above lifting restriction, Jennings was able to perform of all her job duties, including any required lifting. In order to accomplish any lifting in excess of her restriction, Jennings would use carts provided by Defendant to transport boxes of documents. Also, Jennings would break down any heavy items (e.g. boxes of documents or reams of paper) by removing a portion at a time that she could lift comfortably.

(h) On or about January 18, 2011, Defendant's Human Resources Director expressed concern that Jennings would not be able to perform the essential functions of her job given the lifting restriction she provided to Defendant on or

4

about June 15, 2010. Specifically, she claimed that SSAs were required to be able to lift or move items up to 75 pounds, and to be able to push or pull machines on wheels weighing up to 700 pounds. Defendant's Human Resources Director instructed Jennings to produce an updated doctor's note addressing her lifting restriction.

(i) On or about January 21, 2011, Defendant once again instructed Jennings to produce an updated doctor's note regarding her lifting restriction. Jennings requested that Defendant grant her a reasonable accommodation for her lifting restriction, by allowing her to accomplish any required lifting in the same manner she had been doing so since being placed on the lifting restriction in June 2010. Defendant refused to grant the accommodation.

(j) On or about February 1, 2011, Jennings provided a doctor's note stating that she could lift up to 20 pounds.

(k) On or about February 9, 2011, Defendant's Director of Administration informed Jennings that she could not return to work until her doctor completely withdrew the lifting restriction or Defendant found another position she could work. Defendant ultimately concluded there were no vacant positions that Jennings could work.

(l) Defendant placed Jennings on disability leave on or about February 10, 2011, and terminated her on or about August 9, 2011.

9. At all relevant times, Jennings was a qualified individual with a disability within the meaning of the ADA. Defendant failed to provide Jennings with a reasonable

5

accommodation. Defendant ultimately discharged Jennings because of her disability when it concluded she was unable to work unless her doctor completely removed the lifting restriction.

10. The effect of the practices complained of above has been to deprive Jennings of equal employment opportunities and otherwise adversely affect her employment status because of her disability.

11. The unlawful employment practices complained of above were intentional.

12. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Jennings.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from discriminating against individuals because their disabilities, including discrimination in hiring, firing, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Jennings whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D. Order Defendant to make Jennings whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

E. Order Defendant to make Jennings whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Jennings punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

This 16th day of January, 2013.

    Respectfully submitted,

    P. DAVID LOPEZ
    General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M. Street, NE
Fourth Floor, Suite 4NWO2F
Washington, D.C. 20507

/s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar # 19732)
Regional Attorney

/s/ Tina M. Burnside
TINA M. BURNSIDE (WI Bar #1026965)
Supervisory Trial Attorney

/s/ Darryl L. Edwards
DARRYL L. EDWARDS (PA Bar ID #205906)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (704) 954-6467
Facsimile: (704) 954-6412
E-mail: darryl.edwards@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

8