# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:13CV46 |
| WOMBLE CARLYLE SANDRIDGE & RICE, LLP, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

The instant matter comes before the undersigned Magistrate Judge on Plaintiff's Objections to Defendant's Statement of Reasonable Expenses. (Docket Entry 31.) For the reasons that follow, $22,900.00 represents the reasonable expenses incurred by Defendant in connection with its Motion for Spoliation Sanctions (Docket Entry 17) and the related culpable conduct by Plaintiff.

## BACKGROUND

This case arises from a Complaint filed by Plaintiff on behalf of Charlesetta Jennings alleging that Defendant, her former employer, "failed to provide Jennings with a reasonable accommodation for her disability, and subsequently discharged her from her position as a Support Services Assistant [] because of her disability, in violation of the [Americans with Disabilities Act of 1990]." (Docket Entry 1 at 1.) Among other things, the Complaint demands an award of back pay. (Id. at 6.) As part of its defense as to the back pay demand, Defendant has asserted that Jennings

failed to mitigate her damages. (Docket Entry 18 at 2; see also Docket Entry 4 at 8.)

Defendant filed a Motion for Spoliation Sanctions, on the grounds that Jennings discarded critical records relating to her job-search efforts. (Docket Entry 17.) The undersigned Magistrate Judge recommended that the Court grant said Motion and order Plaintiff and/or Jennings "to pay [Defendant's] reasonable expenses, including attorney fees, incurred in its attempts to conduct additional discovery regarding mitigation of damages and in bringing the instant Motion." (Docket Entry 24 at 13.) Further, by Order, the undersigned Magistrate Judge set up a process for establishing the amount of such reasonable expenses. (See id. at 13-14.) Pursuant to that Order, Defendant served Plaintiff with its Statement of Reasonable Expenses totaling $29,651.00. (Docket Entry 31-1.) Plaintiff contested that showing (Docket Entry 31), Defendant responded (Docket Entry 33), and Plaintiff replied (Docket Entry 34).

## DISCUSSION

"In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009). "[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare

2

circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 554 (2010).[1]  The fee applicant bears the burden of demonstrating the reasonableness of its hourly rates and the time spent. McAfee v. Boczar, 738 F. 3d 81, 91 (4th Cir. 2013); SunTrust Mortg., Inc. v. AIG United Guar. Corp., 933 F. Supp. 2d 762, 774 (E.D. Va. 2013).

In the instant matter, Plaintiff does not challenge Defendant's hourly rates; rather, Plaintiff objects to the number of hours claimed by Defendant's attorneys.  (Docket Entry 31 at 1-4.)  Thus, to carry its burden, Defendant "must document the need to have devoted the amount of time for which it seeks compensation . . . . [,] tender reliable billing records, and . . . exercise billing judgment to excise from its claim time not properly shown to have been incurred in pursuit of the matter at issue or that is otherwise not reasonable in amount or not necessarily incurred." SunTrust Mortg., 933 F. Supp. 2d at 774 (citing Hensley v. Eckerhart, 461 U.S. 424, 461 (1983)).

---

[1] The United States District Court for the Eastern District of Virginia has identified four factors which remain potentially relevant to the adjustment of a lodestar figure after the United States Supreme Court's Perdue decision: "the amount in controversy and the results obtained[,] . . . the undesirability of the case[,] . . . the nature and length of the relationship between the claiming firm and the client . . . and awards in similar cases." SunTrust Mortg., Inc. v. AIG United Guar. Corp., 933 F. Supp. 2d 762, 770 n.5 (E.D. Va. 2013).

Plaintiff first asserts that "Defendant's attorneys duplicated their efforts in drafting discovery." (Docket Entry 31 at 2.) In that regard, Plaintiff notes that two attorneys and one paralegal spent a combined total of 2.6 hours to prepare Defendant's second sets of interrogatories and requests for production, "work that was [according to Plaintiff] neither 'novel' nor 'difficult.'" (Id. at 2-3.) In addition, Plaintiff contends that the Court should not allow billing by one attorney to review the work of another, where both attorneys are experienced litigators. (Id. at 3.) Defendant counters that these requests "involved complex issues concerning discovery of [Plaintiff's] internal procedures and the potential application of the work product doctrine and attorney-client privilege." (Docket Entry 32 at 5.) Plaintiff's culpable conduct rendered these subsequent discovery requests necessary and, furthermore, this Court has found similar work-sharing arrangements appropriate in the past, see Morris v. Lowe's Home Ctrs., Inc., No. 1:10CV388, 2012 WL 5338577, at *4 n.5 (M.D.N.C. Oct. 30, 2012) (unpublished), aff'd, slip op. (M.D.N.C. Dec. 6, 2012). Under these circumstances, the roughly two-and-a-half hours spent preparing further discovery requests appears reasonable and Defendant has appropriately documented the time spent in its itemized bill. (See Docket Entry 31-2 at 9-10.)[2]

---

[2] Plaintiff also seeks denial of amounts that "Defendant's Statement claims it was billed for certain matters, e.g. 'legal research to determine the appropriate parameters of discovery' that

Next, Plaintiff contends that "Defendant is not entitled to attorney's fees incurred after [Plaintiff] responded to the discovery, as Defendant did not move for supplementation of [Plaintiff's] responses . . . . [or] reference[] [Plaintiff's] responses in bringing this Motion after receiving them." (Docket Entry 31 at 3-4.) This contention appears to refer to Defendant's billings for

> reviewing and analyzing the [Plaintiff's] responses to these discovery requests; corresponding with the [Plaintiff] about its failure to respond to discovery requests related to the agency's internal document preservation protocol, analyzing the [Plaintiff's] stated position on this discovery issue, including the case law cited by the [Plaintiff]; and devising a litigation strategy in light of [Plaintiff's] position.

(Docket Entry 31-1 at 2.) Plaintiff supports its position that the Court should exclude these billings by citing a case for the proposition that, "without prevailing on a motion to compel, [a] defendant [is] not entitled to recover attorney fees under Fed. R. Civ. P. 37." (See Docket Entry 31 at 4 (citing Owens-Corning Fiberglass Corp. v. Sonic Dev. Corp., 546 F. Supp. 533, 543 (D. Kan. 1982)).) Whether Defendant could have recovered such fees through a motion to compel lacks relevance in the context of spoliation sanctions. Defendant's billings fall within the

---

are absent from the contemporaneous billing records." (Docket Entry 31 at 3.) However, Defendant's filings reflect that the above-discussed billing for Defendant's second set of discovery requests included such research. (See Docket Entry 31-1 at 1-2; Docket Entry 32 at 5.)

5

recommended award of "reasonable expenses, including attorney fees, incurred in [Defendant's] attempts to conduct additional discovery regarding mitigation of damages and in bringing the [Motion for Spoliation Sanctions]" (Docket Entry 24 at 13) and no basis thus exists to exclude them.

Plaintiff additionally contends that the Court should reduce by two thirds the $21,307.50 incurred by Defendant in pursuing its Motion for Spoliation Sanctions "because Defendant prevailed on merely one of its three prayers for relief [in that] [t]he Court denied Defendant's substantive request for dismissal of [Plaintiff's] back pay claim [and] deferred its substantive request for an adverse inference jury instruction." (Docket Entry 31 at 4 (emphasis in original).) In that regard, Plaintiff cites Morris, 2012 WL 5338577, in which this Court ordered a proportional reduction in fee-shifting where a defendant prevailed on only three of four issues raised in its motion to compel. (Id. at *5).

In contrast, the Recommendation in this case found Plaintiff to have engaged in culpable conduct warranting sanctions. The fact that the undersigned Magistrate Judge declined to recommend one form of sanctions sought by Defendant (i.e., dismissal of the back-pay claim) should not reduce the amount of the recommended sanction of reasonable expenses. See SunTrust Mortg., 933 F. Supp. 2d at 779 (concluding that denial of full scope of sanctions for spoliation does not merit reduction in fees awarded). In other

6

words, Defendant prevailed entirely as to the key substantive issue of whether Plaintiff engaged in culpable spoliation. Plaintiff's effort to analogize that circumstance to a case in which a party failed to show the merits of one or more of several discrete substantive disputed issues lacks persuasive force.

Plaintiff also asserts that "the 32.8 hours Ms. Stricklin spent working on Defendant's reply brief is unreasonable juxtaposed against the 20.3 hours she spent on the Motion and opening brief." (Docket Entry 31 at 4.) Defendant responds that "[t]he Firm reasonably addressed in its Reply Brief the new factual and legal matters raised by [Plaintiff]." (Docket Entry 32 at 3.) Defendant's response in this regard does not sufficiently explain why it spent 12 more hours on an 11-page reply brief with 6 exhibits than it spent on an 18-page opening brief with 16 exhibits. (Compare Docket Entries 22-23, with Docket Entries 18-19.) Accordingly, the Court approves 15.2 hours - or 75% of the time claimed for the opening brief - as the reasonable amount of time expended by Ms. Stricklin on Defendant's reply brief and correspondingly reduces Defendant's fee award by $6,600.

Further, Plaintiff challenges $4,941.80 claimed by Defendant because "[t]he Order does not award fees for post-order resolution." (Docket Entry 31 at 5.) Per Defendant, these fees involved "legal work reviewing the Order, computing recoverable expenses, and drafting the Statement." (Docket Entry 32 at 3.)

7

The Fourth Circuit has held that, in the context of statutory fee awards, "'[t]ime spent defending entitlement to attorney's fees is properly compensable.'" Ganey v. Garrison, 813 F.2d 650, 652 (4th Cir. 1987) (quoting Daly v. Hill, 790 F.2d 1071, 1080 (4th Cir. 1986)); see also E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc., Civ. A. No. 3:09CV058, 2013 WL 458532, at *2 (E.D. Va. Feb. 6, 2013) (unpublished) ("Most of the authorities addressing themselves to the issue of reasonableness, however, have come in the context of awards made under fee-shifting statutes. Nonetheless, those decisions provide the soundest instruction in how to measure the reasonableness of a requested fee [for a sanction]."). The Recommendation thus encompasses compensating Defendant for expenses related to securing its expense award.

As a final matter, Plaintiff identifies problems with the documentation of this category of fees as a result of Defendant's use of block billing. (Docket Entry 31 at 5.) Plaintiff apparently references two entries, in which Ms. Stricklin billed a combined 3.9 hours for various tasks concerning additional discovery as well as preparing Defendant's Statement of Reasonable Expenses. (See id. at 5 n.4; Docket Entry 31-2 at 27-28.) Although "'block billing' is not prohibited, it simply does not provide the court with a sufficient breakdown to meet [the applicant's] burden to support its fee request in specific instances." Project Vote/Voting for Am., Inc. v. Long, 887 F.

Supp. 2d 704, 716 (E.D. Va. 2012). Defendant admits to such block-billing by Ms. Stricklin, but contends that "counsel has clearly identified on its billing records the time within the block-billed entries associated with each recoverable item." (Docket Entry 32 at 4.) A review of Defendant's billing records reflects that Defendant described the entries with appropriate detail, but did not identify how much time Ms. Stricklin spent on additional discovery and how much she spent preparing the Statement of Reasonable Expenses. (See Docket Entry 31-2 at 27-28.) For this reason, a percentage reduction will apply as to these billings. See SunTrust Mortg., 933 F. Supp. 2d at 778.

Plaintiff contends that per the decision in Uzzell v. Friday, 618 F. Supp. 1222 (M.D.N.C. 1985), the Court should reduce all block-billed attorney time by 25%. (Docket Entry 31 at 5.) However, in that case (unlike this one), the "documentation suffer[ed] a serious deficiency . . . [in that] the work performed [was] described in only general terms." Uzzell, 618 F. Supp. at 1226. Defendant proposes, as an alternative, a reduction of 10% for these entries. (See Docket Entry 32 at 4 (citing Straitshot Comm'cns, Inc. v. Telekinex, Inc., No. C10-268 TSZ, 2012 WL 5880293, at *4 (W.D. Wash. Nov. 20, 2012) (unpublished)).) The Court deems that proposal reasonable in this context, resulting in a reduction of $151.00.

9

CONCLUSION

Defendant has established its entitlement to the expenses outlined in its Statement except as to $6,600.00 claimed for its reply brief and $151.00 claimed for certain block-billed entries.

**IT IS THEREFORE ORDERED** that $22,900.00 represents the reasonable expenses, including attorney's fees, incurred by Defendant in attempting to conduct additional discovery regarding mitigation of damages and in bringing its Motion for Spoliation Sanctions.

                                                /s/ L. Patrick Auld
                                                   **L. Patrick Auld**
                                     **United States Magistrate Judge**

March 24, 2014